PER CURIAM.
¶ 1 Robert D. Stewart (hereafter Bobby[1] ) appeals from a circuit court order setting his obligation for accrued rent on a gravel pit he leased from the decedent, his father Robert T. Stewart. The circuit court also determined that Bobby's brother, Ronald Stewart, did not owe rent for the time Ronald lived in a residence owned by the decedent. We affirm the circuit court's determination that Bobby owed gravel pit rent to the estate as calculated by the circuit court. However, we reverse that portion of the circuit court's order relieving Ronald of residential rent because Ronald has not contested arguments made in this court by Bobby and the estate that the court erroneously absolved him of rent. We remand to the circuit court for further proceedings relating to Ronald's rent obligation.
Bobby's Gravel Pit Rent
¶ 2 In 2006, Bobby entered a written lease with the decedent for a gravel pit. The lease stated that the rent was $3000 per month. Bobby paid $3000 per month until April 2012 when he began paying $1000 per month in cash. Bobby's cash rent payments continued until September 2013 when the decedent entered the hospital, and Bobby stopped paying rent. The decedent died in November 2013. Bobby purchased the gravel pit in January 2016.
¶ 3 Bobby's liability for accrued rent was at issue before and after he purchased the gravel pit. The personal representative of the decedent's estate and Ronald raised rent issues. During the pendency of the probate estate, Bobby either represented that he would be liable for accrued rent or he failed to object to the assertions of others, made in court and in his counsel's presence, that he would be liable for accrued rent. In response to Ronald's complaint that Bobby was not paying rent for the gravel pit, the personal representative assured the circuit court that the $3000 per month rent was accruing against Bobby's share of the estate and that Bobby would be responsible for the rent before the estate was settled. The personal representative indicated that Bobby would pay the accrued rent via a reduction in his share of the estate or by paying in cash.
¶ 4 Bobby purchased the gravel pit from the estate in January 2016. Thereafter, Ronald again raised issues relating to the unpaid rent. At a June 14, 2016 hearing, the personal representative again stated that Bobby's rent would be assessed against his final share of the estate. Bobby's counsel was present at the hearing and did not object to this statement.
¶ 5 In September 2016, the heirs mediated their disputes. The mediation yielded a partial settlement agreement stating that "[a]ny claims by the estate against [Bobby] or Ronald for rent are not waived and shall be determined by the court during the hearing on the final accounting."
¶ 6 In October 2016, Bobby argued to the circuit court that his accrued rent liability (i.e., rent accruing before he purchased the gravel pit) should be limited to $1000 per month because the decedent had reduced the rent from $3000 to $1000 per month.
¶ 7 In March 2017, Bobby asserted a new position: he was not liable for any accrued rent because the 2016 gravel pit purchase contract assigned rent from the seller (the estate) to Bobby.
¶ 8 After a court trial, the circuit court concluded that Bobby's purchase of the gravel pit did not eliminate his accrued rent obligation. As grounds, the court cited (1) the parties' numerous statements on the record that Bobby's liability for rent would be addressed as part of the distribution of the decedent's estate and (2) Bobby's relatively last-minute argument that his purchase of the gravel pit eliminated his accrued rent obligation. Bobby appeals.
¶ 9 Probate proceedings occur in equity. Richardson v. Richardson , 223 Wis. 447, 459, 271 N.W. 56 (1937) (probate court has authority to "recognize and apply equitable rules and principles in so far as they are applicable to matters relating to the settlement of estates of decedents"). We review decisions in equity for a misuse of discretion. Richards v. Land Star Group, Inc. , 224 Wis. 2d 829, 848, 593 N.W.2d 103 (Ct. App. 1999). We will not reverse if the circuit court "applied the correct law to the relevant facts and reasoned its way to a reasonable conclusion." Estate of Wheeler v. Franco , 2002 WI App 190, ¶ 6, 256 Wis. 2d 757, 649 N.W.2d 711.
¶ 10 The record supports the circuit court's equitable decision that Bobby owed accrued rent notwithstanding any terms of the gravel pit purchase contract. Bobby's accrued rent was an item of value to the estate. It is axiomatic that the circuit court had to consider the rights and claims of all of the heirs, not just Bobby.
¶ 11 Bobby argues that the circuit court ignored the gravel pit purchase contract which Bobby contends assigned rent to him.[2] While the significance of the gravel pit contract was a relevant consideration, the circuit court, acting in equity, was not required to overlook that Bobby owed rent before he purchased the gravel pit, Bobby represented to the court (affirmatively and by failing to object) that his rent obligation would be addressed as part of the estate's accounting, and Bobby affirmed his obligation for rent on two occasions after he purchased the gravel pit.[3] We affirm the circuit court's discretionary decision that Bobby owed accrued rent.
¶ 12 Bobby next challenges the calculation of the accrued rent. The circuit court found that the rent was $3000 per month as stated in the lease, the parties had not agreed in writing to adjust the rent, and Bobby owed $3000 per month in rent until he purchased the gravel pit. In so ruling, the court relied upon the Statute of Frauds, WIS. STAT. § 706.02 (2015-16),[4] which bars oral modification of the lease's terms. However, the court granted Bobby a $1000 per month credit for each month in which he made a cash rent payment to the decedent.
¶ 13 The circuit court calculated that based on a rent of $3000 per month, Bobby owed the following accrued rent: (1) from April 1, 2012, through November 30, 2013, Bobby owed $42,000 in unpaid rent ($60,000 rent at $3000 per month less $18,000 as a credit for the $1000 monthly cash payments applied to rent); and (2) from December 1, 2013, until he purchased the gravel pit on January 12, 2016, Bobby owed $76,161.29.
¶ 14 Citing the provisions of WIS. STAT. § 706.04 to obtain relief from application of the Statute of Frauds, Bobby argues that he and the decedent orally agreed to reduce his rent to $1000 in April 2012 (thereby reducing his accrued rent to $25,161). We agree with the estate that Bobby waived any argument that he should have relief under § 706.04(3) because he did not make this argument in the circuit court. In his reply brief, Bobby concedes that he did not raise this issue in the circuit court. We will not consider this argument raised for the first time on appeal. Segall v. Hurwitz , 114 Wis. 2d 471, 489, 339 N.W.2d 333 (Ct. App. 1983).
¶ 15 In the alternative, Bobby argues that if he and the decedent did not modify the rent to $1000, then prior to his death the decedent either forgave or gifted to Bobby the rent accrued to that point.[5] Bobby also argues that the circuit court did not have a basis to treat Ronald and Bobby differently on the question of liability for rent. The circuit court determined that the decedent made a gift to Ronald of rent-free housing, but the decedent did not gift accrued gravel pit rent to Bobby. We are not persuaded by either argument. First, we are reversing the circuit court's decision that Ronald did not owe rent. Second, even though we reverse the circuit court on the question of Ronald's liability for rent, the court reasonably distinguished Bobby's and Ronald's situations as they bore on their respective liability for rent: Bobby was operating a business and affirmed in court his liability for accrued rent even after he purchased the gravel pit; Ronald was never subject to a lease or a request for rent before the decedent died.
¶ 16 The circuit court's calculation of rent due from Bobby is affirmed.
Ronald's Residential Rent
¶ 17 Ronald resided in the decedent's property rent-free before the decedent died. He continued to live there rent-free for approximately eighteen months after the decedent's death and until the estate evicted him. The circuit court ultimately determined that Ronald did not owe rent to the estate.
¶ 18 On appeal, Bobby and the estate argue that the circuit court erred when it found that Ronald did not owe rent to the estate. Ronald has not filed a respondent's brief to dispute the positions taken by Bobby and the estate. Therefore, Ronald concedes that the circuit court erred. Charolais Breeding Ranches, Ltd. v. FPC Sec. Corp. , 90 Wis. 2d 97, 109, 279 N.W.2d 493 (Ct. App. 1979) (where a party on appeal does not address an issue raised by the opponent, we assume the party concedes the issue). We reverse and remand for the circuit court to determine Ronald's rent obligation to the estate.
Conclusion
¶ 19 We affirm the circuit court's calculation of gravel pit rent owed to the estate by Bobby. We reverse the circuit court's determination that Ronald did not owe residential rent to the estate and remand for the circuit court to determine Ronald's rent obligation.
¶ 20 Because we affirm in part and reverse in part, we decline to award WIS. STAT. RULE 809.25 costs to any party. RULE 809.25(1)(a).
By the Court. -Order affirmed in part; reversed in part and cause remanded with directions.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

The parties' briefs refer to the appellant as Bobby.

While we have considered all of the arguments in the briefs, we only discuss those arguments that are necessary to our decision. See State v. Waste Mgmt. of Wis., Inc. , 81 Wis. 2d 555, 564, 261 N.W.2d 147 (1978) (we are not bound to the manner in which the parties have structured or framed the issues). Arguments not mentioned are deemed rejected. Id.

We need not go so far as to hold that (1) by affirming his obligation for accrued rent after he purchased the gravel pit, Bobby waived his argument that the gravel pit purchase contract relieved him of his rent obligation or (2) Bobby was judicially estopped from taking inconsistent positions in the circuit court regarding his rent obligations. See Godfrey Co. v. Lopardo , 164 Wis. 2d 352, 363, 474 N.W.2d 786 (Ct. App. 1991).

All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.

Under this theory, Bobby reasons that he only owes $76,161.29 (at $3000 per month) from December 1, 2013 to January 12, 2016 when he purchased the gravel pit.